

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable E. E. Davis, Dean
North Texas Agricultural College
Arlington, Texas

Dear Mr. Davis:                    Opinion No. 0-6833

Re: Construction of S. B. 338,
49th Leg., in respect to tuition
refunds to veterans.

You make the following inquiry:

"The North Texas Agricultural College desires an official ruling with reference to Section 4 of Article 2654b-1, S. B. No. 338, which states in part '... the educational institution concerned is hereby authorized and directed to refund to any veteran ... the amount by which any adjusted compensation payment is hereafter actually reduced on account of tuition payments made by the Federal government to such educational institution for such veteran.'

"Does this law refer to tuition only, or does it include books and supplies? We are offering a course in flying. We give the ground school work and have a contract with a company to give the flight instruction at the rate of $6.00 per hour. We do not receive the $6.00 except that it is collected from the student and given to the flight instructor. If the Veterans Bureau pays this fee and it is subsequently deducted from the adjusted compensation, will the college be liable under the above section to refund this fee to the veteran?"

For the sake of completeness we quote the entire Article (Article 2654b-1) as same now stands, as follows:

"Sec. 1. The governing boards of the several institutions of collegiate rank, supported in whole or in part by public funds appropriated from the State Treasury, are hereby authorized and directed to except and exempt all citizens of Texas, who have resided in

Texas for a period of not less than twelve (12) months prior to the date of registration, and who served during the Spanish-American and/or during the World War as nurses or in the armed forces of the United States during the World War, and who are honorably discharged therefrom, from the payment of all dues, fees and charges whatsoever, including fees for correspondence courses; provided, however, that the foregoing exemption shall not be construed to apply to deposits, such as library, or laboratory deposits, which may be required in the nature of a security for the return of or proper care of property loaned for the use of students, nor to any fees or charges for lodging, board or clothing. The governing boards of said institutions may and it shall be their duty to require every applicant claiming the benefit of the above exemption to submit satisfactory evidence that the applicant is a citizen of Texas and is otherwise entitled to said exemption. The provisions of this Section shall apply to those students who are herein exempted that have already registered and paid their fees or tuition for the 1933-34 school term, and the governing boards of such institutions are hereby authorized and directed to refund such fees to any student who has already paid such fees or tuition for the 1933-34 school term.

"Sec. 2. The governing boards of said institutions of collegiate rank are hereby authorized to issue scholarships each year to the highest ranking graduate of accredited high schools of this State, exempting said graduates from the payment of all dues, fees and charges whatsoever; provided, however, that said exemptions shall not apply to library or laboratory or similar deposits, nor to fees or charges for lodging, board or clothing. Such exemptions shall be granted subject to such limitations and restrictions as may be prescribed by the governing board of each of said institutions. Promises heretofore made by State educational institutions with reference to scholarships shall not be invalidated by H. B. 322, Chapter 196, General Laws of the Regular Session of the Forty-third Legislature and providing that those students who as holders of scholarships

granted prior to the passage of H. B. No. 322, Chapter 194, General Laws of the Regular Session of the Forty-third Legislature who upon entering any of the State educational institutions are required to pay fees in accordance with the above mentioned Act shall be refunded those fees paid and that those scholarships affected shall continue to be valid so long as the students may desire to use them for the purposes for which they were granted or until such students shall have completed a four-year course in such institution.

"Sec. 3. All of the above and foregoing provisions, conditions and benefits hereinabove in this Article provided for in Section 1 and in Section 2 shall apply and accrue to the benefit of all nurses, members of the Women's Army Auxiliary Corps, Women's Auxiliary Volunteer Emergency Service, and all members of the United States armed forces, regardless of whether members of the United States Army or of the United States Navy or the United States Coast Guard, who have, or are now serving, or who may after the passage of this Act, serve in the armed forces of the United States of America during the present World War Number II, being the war now being prosecuted, and which was entered into on or shortly after December 7, 1941, by the United States of America against what are commonly known as the Axis Powers; provided, further, that all the above and foregoing persons named have been honorably discharged from the services in which they were engaged. And, provided further, that the benefits and provisions of this Act shall also apply and inure to the benefit of the children of members of the United States Armed Forces, where such members were killed in action or died while in the service. The provisions of this Act shall not apply to or include any member of such United States Armed Forces, or other persons hereinabove named, who were discharged from the service in which they were engaged because of being over the age of thirty-eight (38) years or because of a personal request on the part of such person to be discharged from such service.

"Other than as amended herein, present Article 2654b-1 is hereby re-enacted and shall in all things continue in full force and effect subject only to

the addition of the above section to be known as Section 3. Added Acts 1943, 48th Leg., p. 568, ch. 337, §1.

Sec. 4. The exemption from the payment of dues, fees, and charges as provided hereinabove in Section 1 and Section 3 of this Article shall not apply to or include honorably discharged members of such United States Armed Forces, or other persons hereinabove named, who are eligible for education or training benefits provided by the United States Government under Public Law No. 16, 78th Congress, or amendments thereto, or under Public Law No. 346, 78th Congress, or amendments thereto, or under any other Federal legislation that may be in force at the time of registration in the college concerned of such ex-service man or woman. As to all ex-service men or women as defined in this section, the governing boards of each of the several institutions of collegiate rank, supported in whole or in part by public funds appropriated from the State Treasury, are hereby authorized to enter into contracts with the United States Government, or any of its agencies, to furnish instruction to such ex-service men and women at a tuition rate which covers the estimated cost of such instruction or, in the alternative, at a tuition rate of One Hundred Dollars ($100.00) a semester, as may be determined by the governing board of the institution concerned; provided, however, that if such rates as herein specified are prohibited by Federal law for any particular class of ex-service men or women, then, and in that event, the tuition rate shall be such rate as may be agreed to by said governing boards, but in any event not less than the established rates for civilian students; provided further that should the Federal law provide as to any class of veterans that such tuition payments are to be deducted from any subsequent benefits which said veteran may be hereafter entitled to receive, the educational institution concerned is hereby authorized and directed to refund to any veteran who is a resident of Texas within the meaning of this Act the amount by which any adjusted compensation payment is hereafter actually reduced on account of tuition payments made by the Federal government to such educational institution for such veteran."

Honorable E. E. Davis - page 5

Upon a careful study of the text of the Act as a whole, we are of the opinion your questions should be answered as follows:

(1) The provision of Section 4 with respect to the refund to any veteran by the educational institution concerned pertains only to __tuition__ payments. The words "dues", "fees", and "charges" are used from place to place in the various Sections of the Act, but the context in which such words are used indicates that they contemplated charges other than for tuition. The Act as a whole shows that the Legislature appreciated and had in mind the different significance of these words, and used them advisedly. "Tuition" is a word of much narrower meaning than "charges", and there is nothing to indicate the Legislature used such term in a broader sense than that of its commonly understood and usually accepted popular meaning.

(2) By the same tokens we are of the opinion that your second question likewise should be answered in the negative. It is only receipts for "tuition" that are to be refunded. Now, the $8.00 per hour for flight instruction, paid by the veteran in the manner stated by you is not "tuition." The institution in no manner benefits from the receipt of such fees or charges, but on the contrary, it is in the nature of an out-of-pocket expense by the institution for the benefit of the veteran only.

We trust that what we have said sufficiently answers your inquiries.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

APPROVED OCT 3, 1945
FIRST ASSISTANT
ATTORNEY GENERAL

OS-MR

APPROVED
OPINION
COMMITTEE
BY [signature] 3
CHAIRMAN